**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOSEPH YOUNG,                       :
                                    :  Civil Action No. 08-2653 (RMB)
            Petitioner,             :
                                    :
       v.                           :      **O P I N I O N**
                                    :
J. GRANDOLSKY, Warden,              :
                                    :
            Respondent.             :
_____ :


**APPEARANCES:**

Joseph Young, Pro Se            David Edward Dauenheimer, Esq.
#50189-087                      Office of the U.S. Attorney
FCI Fort Dix                    970 Broad Street
P.O. Box 2000                   Newark, NJ 07102
Fort Dix, NJ 08640              Attorney for Respondent


**BUMB, District Judge**

   Petitioner Joseph Young, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The respondent is Warden J. Grondolsky.  For the following reasons, the petition must be denied.

## BACKGROUND

Petitioner was convicted in the United States District Court, Northern District of West Virginia of various drug crimes, and on January 11, 2006, was sentenced to 86 months imprisonment and four years supervised release.  Petitioner's projected release date is December 5, 2011.

Petitioner argues that, based on his pre-sentence investigation report ("PSI"), he was classified as a sex offender by the Bureau of Prison ("BOP").  However, Petitioner states that the sex offender classification was based on his prior state criminal history, and that his current conviction is for drug offenses.  He argues that he should be considered a "minimum" security inmate, but that because of a sex offender public safety factor ("PSF") assigned to him by the BOP, he will be denied transfer to a minimum security facility, and will be subject to

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States....

release notification registration when he is released from federal custody. He will also be denied "halfway house" placement.

Respondent argues that the sex offender PSF was properly applied to Petitioner, pursuant to Bureau of Prisons Program Statement 5100.08. An entry in Petitioner's Pre-Sentence Investigation Report ("PSI") indicated that in 2002, Petitioner pled guilty to the Pennsylvania state criminal charge of Corrupting the Morals of a Minor, and was sentenced to two years of supervised probation. The PSI reveals that Petitioner had consensual sex with a girl aged 14 when he was 21 years old. The relationship continued, with the last sexual encounter occurring after the girl became pregnant when she was 15 and Petitioner was 23 years old. The original charges against Petitioner were Contact with a Minor, Statutory Sexual Assault, Corrupting the Morals of a Minor, Indecent Exposure, and Indecent Assault.

Petitioner has attempted to exhaust his claims regarding the sex offender PSF through the BOP's administrative remedy program. Respondent argues that the issue of Petitioner's potential required registration and notification as a sex offender was not fully raised to the administrative agency.

Petitioner argues that the sex offender PSF violates his double jeopardy rights, his due process rights, and was an abuse of discretion.

**DISCUSSION**

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons shall designate the place of imprisonment for each prisoner committed to its custody, taking into account, inter alia, "the history and characteristics of the prisoner." Pursuant to this statutory authority, the BOP has created Program Statement 5100.08 "Inmate Security Designation and Custody Classification." Chapter 5 of P.S. 5100.08 addresses Public Safety Factors. In pertinent part, the criteria for a Sex Offender PSF are as follows:

> **SEX OFFENDER.** A[n] ... inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements will be housed in at least a Low security level institution .... A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.
> **Example**: According to the PSR, the inmate was specifically described as being involved in a Sexual Assault but pled guilty to Simple Assault. Based on the documented behavior, application of this PSF should be entered.
>
> (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, ...) ....

P.S. 5100.08, September 12, 2006, Chapter 5, p. 8.

Petitioner's claim that sex offender notification constitutes double jeopardy is without merit.  The Double Jeopardy Clause of the Fifth Amendment protects people from, among other things, multiple criminal punishments for the same offense.  See Hudson v. United States, 522 U.S. 93, 98-99 (1997).  Changes in conditions of confinement, such as an alteration or assignment of a prisoner's security classification and consequent loss of privileges, are not additional punishments for the original offense in part because the sentence is not being increased beyond that originally imposed.  See Stiver v. Meko, 130 F.3d 574, 578-79 (3d Cir. 1997); Perez v. Federal Bureau of Prisons, No. 06-3983, 2007 WL 1093322 *1 (3d Cir., April 11, 2007).  Nor do sex offender registration requirements violate the Double Jeopardy Clause, as they do not constitute "punishments." See Martinez Diaz v. Olsen, 110 F. Supp.2d 295, 301-02 (D.N.J. 2000)(citing E.B. v. Verniero, 119 F.3d 1077 (3d Cir. 1997) and Artway v. Attorney General, 81 F.3d 1235 (3d Cir. 1996)).

Petitioner's claim that his classification deprives him of liberty without due process, in violation of the Fifth Amendment, is also without merit.  See, e.g., Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject

an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.... The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Sandin v. Conner, 515 U.S. 742, 484 (1996) ("[Liberty interests conferred by government action] will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  See also Wilks v. Mundt, 25 Fed. Appx. 492, 2002 WL 113837 (8th Cir. Jan 30, 2002) (no liberty interest implicated by Sex Offender PSF).  Because Petitioner has no due process right to any particular security classification, habeas relief is unavailable.

    Nor is there any abuse of discretion in the BOP's reliance upon the information contained in Petitioner's PSI to impose the Sex Offender PSF on Petitioner, even though the events at issue

took place in 2002.  Liberally construing the petition, Petitioner contends that reliance on the PSI was an abuse of discretion because the description of the criminal conduct is inaccurate, as all sex offenses against him had been dismissed.  Pursuant to P.S. 5100.08, a conviction is not required for application of the Sex Offender PSF if the PSI clearly indicates any "sexual contact with a minor."  Here, the PSI clearly describes conduct which falls within the PS 5100.08 criteria to justify application of the Sex Offender PSF.  Petitioner has not stated that he objected to the PSI at the time of sentencing, or that the PSI was incorrect.  Thus, it was not an abuse of discretion for the BOP to rely on the PSI in applying the Sex Offender PSF to Petitioner.  See, e.g., Day v. Nash, 191 Fed. Appx. 137 (3d Cir. 2006) (unpubl.)(finding that BOP did not abuse its discretion in assigning sex offender PSF for exposure charge on day of sentencing as result of plea bargain where original charge was for a lewd and lascivious act).

## CONCLUSION

For the reasons set forth above, the petition must be denied.  An appropriate order follows.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated: February 6, 2009