**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOSEPH YOUNG,  :
        Petitioner,  : Civil Action No. 08-2653 (RMB)
    v.  : **O P I N I O N**
J. GRANDOLSKY, Warden,  :
        Respondent.  :

---

**APPEARANCES:**

Joseph Young, Pro Se
#50189-087
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

David Edward Dauenheimer, Esq.
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102
Attorney for Respondent

**BUMB, District Judge**

    Petitioner Joseph Young, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has filed a motion for reconsideration (docket entry 18) of this Court's February 6, 2009 Opinion and Order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent, Warden J. Grondolsky, has filed a response to the motion (docket entry 19). Petitioner filed a reply to the

response to the motion (docket entry 20). For the following reasons, the motion must be denied.

## BACKGROUND

In his original petition, Petitioner argues that the Public Safety Factor ("PSF") of sex offender was wrongly applied to him by the Bureau of Prisons (BOP) upon being taken into custody after pleading guilty to Corruption of a Minor. This Court, in its Opinion dated February 6, 2009, found that Petitioner had not demonstrated that the PSF was improperly or unconstitutionally applied to him. This Court considered the merits of the case and upheld the BOP's application of the PSF.

In his motion for reconsideration, Petitioner objects to Respondent's assertion that his claims regarding the registration and notification requirement for sex offenders was not fully raised and exhausted by Petitioner. Petitioner attaches to his motion for reconsideration a letter from Respondent to Congressman Chaka Fattah, noting that the registration and notification procedures will be applied to Petitioner due to his Public Safety Factor of sex offender.

## DISCUSSION

**A.** **Rule 59(e)**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).

2

Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). <u>See</u> <u>id</u>. In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration. See <u>Byrne v. Calastro</u>, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. <u>See</u> L. Civ. R. 7.1(i). The standard for reargument is high and reconsideration is to be granted only sparingly. <u>See</u> <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an

---

[1] <u>Byrne</u> states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

<u>Byrne</u>, 2006 WL 2506722 at *1 (citations omitted).

3

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court

4

should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, Petitioner does not assert that this Court overlooked a factual or legal issues that may alter the disposition of this matter-- Petitioner's argument concerning the exhaustion of his registration and notification requirement does not alter the disposition of this case. The registration and notification requirements which apply to Petitioner after his release do not pertain to the issue in the § 2241 petition, that is, whether or not the PSF of sex offender was unconstitutional or otherwise improper. Thus, Petitioner is not entitled to relief on his motion under Local Civil Rule 7.1.

**B.     Rule 60(b)**

Rule 60(b) provides, in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.

1978) (quoted in <u>Coltec Industries, Inc. v. Hobgood</u>, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

<u>Tischio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. <u>See</u> <u>Ackermann v. United States</u>, 340 U.S. 193 (1950); <u>Stradley v. Cortez</u>, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." <u>FDIC v. Alker</u>, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have

reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In this case, nothing presented by Petitioner in his motion challenges this Court's determination that the BOP's classification of Petitioner as a sex offender was not improper or unconstitutional.

Further, Petitioner has not demonstrated that he satisfies any of the reasons warranting 60(b) relief. Petitioner has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).

Therefore, with regard to a Rule 60(b) motion, Petitioner has not demonstrated that he is entitled to relief from this Court's judgment of February 6, 2009. Nothing Petitioner presents in his motion or brief convinces this Court that "extraordinary circumstances" exist which warrant 60(b) relief. Thus, Petitioner is not entitled to relief under Rule 60(b) and his motion will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration will be denied. An appropriate Order accompanies this Opinion.

RENÉE MARIE BUMB
United States District Judge

DATED: December 3, 2009